## PAUL *v*. LUTTRELL.

REPLEVIN *will not lie for taking without detention.* Under the statute the action of replevin, whether in the *cepit* or *detinet* lies, as at common law, only for the recovery of goods *in specie*, and a mere unlawful taking not followed by detention will not suffice to maintain it.

PLEADING IN REPLEVIN — *detention of property may be put in issue.* The detention of the goods is a material fact, necessary in either form of action to maintain the plaintiff's case, and may always be put in issue, either by the plea of *non detinet*, or, perhaps by the plea of *non cepit*, where the plaintiff declares in the *cepit* or by special plea.

EVIDENCE OF DETENTION *in replevin — what shall be.* Upon such issue the plaintiff may maintain the affirmative, by proof of the taking, or by proof of demand and refusal before action brought, or by proof of other circum-

stances warranting the inference that a demand would have been unavailing. . Upon such issue the defendant may maintain the negative by showing that, before suit brought, he restored the goods to the plaintiff's possession, or that the goods were, before action brought, destroyed by the act of God, or possibly by his own act.

PLEADING — *a fact in issue shall not be regarded as admitted by previous pleading.* Where any particular fact is affirmed on the one side and denied on the other, no previous admission in the pleadings can be taken as evidence of the existence or non-existence of that fact.

PLEADING IN REPLEVIN. *Non detinet is good.* Therefore if, to a declaration in the *cepit*, the defendant plead *non detinet*, this shall not be regarded as an admission of the taking alleged in the declaration in such sense as to relieve the plaintiff from making proof of the detention.

NEW TRIAL — *evidence insufficient in replevin.* In replevin in the *cepit* and issue joined upon plea of *non detinet*, if there is no proof of the taking or of demand and refusal, or of equivalent circumstances to show detention, the evidence is not sufficient to support a verdict for the plaintiff, and a new trial should be awarded.

*Appeal from District Court, Jefferson County.*

AT the trial the evidence was, in substance, as follows:

John D. Parmelee testified that the property in controversy was a small portable engine, with saw-mill attached, circular saw, lath saw and belting; in the fall of 1867 it was in possession of Hendry; in September it passed into the hands of plaintiff; in January, 1868, it was sold by the sheriff, and passed into defendant's hands; plaintiff bought the saw which was there in January, 1868; there was a saw carriage, made partly by Hendry and completed by plaintiff; plaintiff set up the mill the second time; it was done in January, 1868; there was some belting bought by plaintiff, also a new truck; I hired the property from plaintiff in December, 1867, for six months; was to pay $150 per month.

James S. Danford testified that the mill was in plaintiff's possession in September, 1867; that the property was worth $1,000 in January, 1868.

The plaintiff introduced a letter from Paul, the defendant below, to the witness Parmelee, in which the latter was notified by Paul that he had purchased the property at the sheriff's sale; that the property had been sold under an

execution, issued out of the probate court of Park county, in favor of Alex. Ray & Co. and against the Union Mill Company, and that he should not pay rent for the mill.

The defendant offered a certified copy of an alias execution, issued out of the probate court of Park county, with the officer's return thereon, against the property of the Union Mill Company and in favor of Alexander Ray and William Shellinger, also a transcript of the judgment in the same cause, which is authenticated by the clerk's certificate in the following form : "I certify that the preceding is a true copy of the docket of an original record of judgment remaining on the files of this office."

The defendant also offered the original execution and the officer's return thereon in the same cause; the defendant also offered an appeal bond in the same cause, all of which were, upon plaintiff's objection, excluded by the court. The defendant also offered to prove, by the sheriff of Jefferson county, that he sold the property under the execution before offered in evidence, but the court refused to receive the testimony.

Mr. J. MARSHALL PAUL, *pro se.*

Mr. S. E. BROWN, for appellee.

WELLS, J.   The defendant in error brought replevin against plaintiff in error, and declared in the *cepit ;* defendant in the court below pleaded *non detinet* and property in himself; issue was joined upon these pleas, and the cause was submitted to a jury, who found for the plaintiff below upon both issues.   Upon the trial, the evidence offered by the defendant in support of his plea of property was excluded, and we think properly ; there was also evidence of a possession by the plaintiff of the goods in controversy at some time prior to the bringing of his action ; the finding of the jury upon the second issue is therefore supported by the evidence.

But we think there is no evidence to support the finding upon the plea of *non detinet.*

All of the evidence which can, in any way, be applied to this issue is entirely consistent with the supposition, that the defendant derived possession of the goods in controversy (if indeed he ever had possession of them) by a delivery; there was no evidence given of a taking by the defendant, or of a demand and refusal to surrender them, or of equivalent circumstances.

The question is, therefore, presented, whether in this form of action the plea of *non detinet* presents a material issue.

In this territory replevin lies " whenever any goods or chattels have been wrongfully distrained or otherwise wrongfully taken, or shall be wrongfully detained." According therefore as the plaintiff declares in the *cepit* or in the *detinet*, either the taking or the detention is the gist of the action; but we think that the plaintiff must establish a detention in either case, if put in issue, for the words of the statute above quoted are manifestly qualified by other words which follow in the same section, whereby it is provided that, in the cases before therein specified, " an action of replevin may be brought for the recovery of such goods and chattels." That is to say, the action of replevin in either form lies, as at common law, only for the recovery of goods *in specie ;* and a mere unlawful taking, not followed by a detention, will not suffice to maintain it. It follows, therefore, that the detention of the goods is a material fact necessary in either form of the action to maintain the plaintiff's case, and may always be put in issue, either by the plea of *non detinet*, or perhaps by the plea of *non cepit*, where the plaintiff declares in the *cepit*, per ROGERS, J., in *MacKinley* v. *McGregor*, 3 Whart. 398, or we think by special plea, and when so put in issue the plaintiff may maintain the affirmative by a mere proof of the taking, from which the law presumes that the goods continue in the defendant's possession, and that the defendant remains of the purpose in which he committed the wrong, and intends to retain them, or by proof of demand and refusal before action brought, or by proof of other circumstances

warranting the inference that a demand would have been unavailing. *Johnson* v. *Howe*, 2 Gilm. 342.

. The defendant, on the other hand, may maintain the negative of the issue by showing, if he can, that, before suit brought, he restored the goods to the plaintiff's possession, or that the goods were before action brought destroyed by the act of God, or possibly by his own act, for it cannot well be said that one unlawfully detains that which is not in being.

It is argued, however, that, by his failure to traverse the taking, the defendant has admitted the allegations of the declaration in this regard, and that from this admission a detention may as properly be inferred as if the taking had been affirmatively proven upon the trial.

But we cannot subscribe to this conclusion. It is every day practice that a defendant pleads two pleas, one admitting material facts denied by the other : *e. g.*, in assumpsit, the general issue and payment, or accord and satisfaction ; in trespass, not guilty and a justification, and the like in other cases ; yet it never was thought that, in such case, the latter plea might be read to the jury to establish the affirmative of the issue under the former, or could operate against the defendant in any way. If this were so, manifestly the affirmative would in such cases rest wholly with the defendant, and he, it might well be said, would be entitled to begin and conclude to the jury, which was never seen.

The approved doctrine is, that, "where any particular fact is affirmed on the one side and denied on the other, no previous admission in the pleadings can be taken as evidence of the existence or non-existence of that fact." 1 Phill. Ev. (5th Am. ed.) 796 ;* ALDERSON, B., in *Edmunds* v. *Gores*, 2 Mees. & Wels. 642 ; CRESSWELL, J., in *Fearn* v. *Filica*, 7 M. & G. 513 ; *Kirk* v. *Newell*, 1 Term R. 125 ; *Harrington* v. *McNaughton*, 5 Taunt. 232 ; *Whittaker* v. *Freeman*, 1 Dev. 271.

. We are of opinion, therefore, that the admission of the taking cannot be received to supplement the defect in the plaintiff's proofs upon the issue under the first plea,

and because there is no evidence to support the finding upon this issue the judgment of the district court must be reversed with costs in this court and this cause remanded, with directions to that court to award a new trial.

                                                        *Reversed.*